NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2021[*]
Decided April 16, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 19-3070

| | |
|---|---|
| LARRY G. HARRIS,<br>*Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 17-2010 |
| MICHAEL DEMPSEY, et al.,<br>*Defendants-Appellees.* | Colin S. Bruce,<br>*Judge.* |

## O R D E R

Larry Harris, an Illinois inmate with a thyroid condition, contends that prison doctors and officials violated the Eighth Amendment by serving him a soy-based diet. Both sides moved for summary judgment, and the district court entered summary judgment for the defendants. Because no reasonable jury could find that the defendants deliberately ignored Harris's thyroid condition or his dietary needs, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Harris has hypothyroidism, which means his thyroid gland does not produce enough essential hormones. Some medical professionals report that soy can suppress thyroid function, and Harris believes that soy has caused rashes, gastrointestinal issues, difficulty breathing, trouble sleeping, and "brain fog." So, he wants a soy-free diet. Because Harris contests the adverse entry of summary judgment, we construe the record about his dietary needs and the condition of his thyroid in the light most favorable to him. *See Woodring v. Jackson Cnty.*, 986 F.3d 979, 984 (7th Cir. 2021*).*

Harris previously had a soy-free diet. When he was housed at another prison in 2008, a physician prescribed a "no-soy" diet for him after blood tests revealed abnormal hormonal levels. When Harris changed prisons, a different doctor extended the order, noting his hypothyroidism. Then, at another prison in 2013, a doctor rejected Harris's request for a soy-free diet as not medically necessary. An assistant warden granted it anyway as "an administrative move" that had "nothing to do with the doctor's order."

When Harris moved to Danville Correctional Center in 2016, the prison fed him regular meals. Doctors used periodic blood tests to monitor his thyroid, and he received daily a synthetic hormone for his condition. Nonetheless, Harris told one doctor that he had allergy-like reactions to soy, that soy exacerbated his thyroid condition, and that he wanted a soy-free diet. This doctor reviewed Harris's records and blood tests. After observing that his thyroid condition was well managed and relying on medical literature stating that a person with well-controlled hypothyroidism does not require a soy-free diet, the doctor denied Harris's request. Harris later saw a second doctor when he had a painful rash about 45 minutes after he ate soy. That doctor diagnosed the rash as unrelated to Harris's diet—he has ongoing rosacea, a skin condition that causes redness—and prescribed an anti-inflammatory antibiotic for him. This doctor also reviewed Harris's records and bloodwork. Like the first doctor, he did not order a soy-free diet because Harris had tested negative for a soy allergy twice and a recent blood test showed that his thyroid was stable. The doctor recommended that the prison check Harris's thyroid levels again in six months and that Harris continue taking his prescription. At a follow-up appointment, Harris had no rash, nor did he have symptoms of a distressed thyroid.

Harris filed an unsuccessful grievance contesting the absence of a soy-free diet. Medical staff, the warden explained, had combed through "four volumes" of records and nothing supported the claim that Harris had a soy allergy. Harris administratively appealed. In denying the appeal, the acting medical director of the Illinois Department of Corrections repeated that nothing suggested that Harris required a new diet: He had

been on the regular diet since his arrival at Danville, and his within-range blood tests confirmed a properly functioning thyroid.

This lawsuit followed. As relevant on appeal, Harris alleged that the doctors, the healthcare-unit administrator, and the officials who reviewed his grievance violated the Eighth Amendment by serving him a regular diet. After receiving cross motions for summary judgment, the district court ruled in favor of the defendants, concluding that no reasonable juror could have found that they deliberately ignored his needs.

On appeal, Harris argues that the district court wrongly entered summary judgment because it overlooked evidence about how soy can aggravate hypothyroidism. To survive summary judgment on claims against prison doctors and officials for deliberate indifference, he must provide evidence that, during the time that they gave Harris soy meals, they knew (or recklessly disregarded) an excessive risk that the meals would harm him. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc).

Harris did not present a triable claim against the doctors. The undisputed facts show that, even though soy can aggravate hypothyroidism, the doctors reasonably decided that, in Harris's case, soy did not harm him. They comprehensively reviewed his records, saw no documented allergy, noted that his hypothyroidism now—unlike in 2008—is well controlled with medicine, and knew from medical literature that a person with well-managed hypothyroidism does not require a soy-free diet. We defer to this judgment unless Harris submitted evidence that "no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). At best, the record shows that reasonable doctors may differ on whether a soy-free diet is always needed to treat hypothyroidism. But a reasonable difference of opinion between medical professionals is not evidence of deliberate indifference. *See Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019). Because the doctors here monitored Harris's thyroid condition and prescribed medicine that managed it, no jury could find that they recklessly ignored a need for a soy-free diet. *See Cesal v. Moats*, 851 F.3d 714, 724–25 (7th Cir. 2017) (no liability without evidence that doctor acted "wildly" outside professional standards or knew that care was inadequate).

His arguments against the other prison officials are also unavailing. First, no admissible evidence suggests that the healthcare-unit administrator ordered that Harris not receive a soy-free diet. *See Giles v. Godinez*, 914 F.3d 1040, 1050 (7th Cir. 2019) (record did not support prisoner's assertion beyond speculation). Second, the officials who

responded to his grievance did not act with deliberate indifference. Like the doctors, they reviewed his records and saw that he had no allergy to soy and that his thyroid was functioning properly. And, as administrators, they were entitled to rely on the judgments of the doctors who treated Harris. *Id.* at 1049 (non-medical officials); *Rasho v. Elyea*, 856 F.3d 469, 478–79 (7th Cir. 2017) (medical administrators).

We end with two final matters. Because the district court properly granted the defendants' summary-judgment motions on the Eighth Amendment claim, the court also properly denied Harris's motion for summary judgment. Further, in light of the resolution of this case, we need not reach the defendants' alternative defense of collateral estoppel, and we deny as unnecessary the defendants' request for summary affirmance.

AFFIRMED